+**Corrected 1/5/17**
**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELI DE BOTTON, | No. 15-35599 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01916-RAJ |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 30, 2016**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.+

Heli De Botton appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. De Botton alleged disability due to degenerative disc disease, arm pain, affective disorder, anxiety disorder, and personality disorder. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

First, De Botton contends that the administrative law judge ("ALJ") erred by failing to consider that De Botton lost her last job because of her medical treatment schedule. However, the ALJ's decision demonstrates that the ALJ did consider this evidence. Second, De Botton contends that the agency erred by failing to consider that her health is continuing to decline. However, the record under review is the record before the Commissioner at the time of the final decision. *See* 42 U.S.C. § 405(g). Moreover, the agency properly informed De Botton that she could file another application if her condition declined.

Although De Botton did not raise any additional issues in her pro se brief, the government's answering brief addressed issues that were raised by De Botton's counsel before the district court, and we briefly consider them. *See Koerner v. Grigas*, 328 F.3d 1039, 1048-49 (9th Cir. 2003) (this court has discretion to consider issues not raised by the appellant when they are raised in the appellee's brief).

In assessing De Botton's physical impairments, the ALJ reasonably accorded significant weight to the opinions of state agency consultants Dr. Robert Fernandez-Fu and Dr. Alnoor Virji, and little weight to the opinions of treating physician Dr. Abigail Gross and Heather Pullen, P.A. The ALJ reasonably found that Dr. Gross's disability conclusion was inadequately supported by clinical findings, *see Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); rejected Dr. Gross's opinion as inconsistent with De Botton's admitted daily activities, *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); and rejected Pullen's opinion as inconsistent with her own objective findings and with De Botton's daily activities, *see id*.

In assessing De Botton's mental impairments, the ALJ reasonably accorded significant weight to the opinions of state agency consultants Dr. Steven Haney and Dr. Jan L. Lewis, great weight to the opinion of examining physician Dr. Makiko Guji, little weight to the opinion of examining physician Dr. Wayne Dees, and only some weight to the opinion of examining psychologist Dr. Michael O'Leary. The ALJ properly noted that Dr. Dees's extreme limitations assessment was inconsistent with his own findings, *see Bayliss*, 427 F.3d at 1216; Dr. Dees's opinion relied on De Botton's self-serving statements, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject a physicians' opinion that is

largely based on a claimant's incredible self-reports); and Dr. O'Leary's opinion was made for the purpose of evaluating parental fitness, not for making a disability evaluation, *see* 20 C.F.R. §§ 404.1504, 416.904 (disability determinations made by other agencies are not binding on the Commissioner).

The remaining issues also are without merit. The ALJ reasonably considered the medical evidence provided by "other source" opinions and provided germane reasons for rejecting the evidence. *See* 20 C.F.R. §§ 404.1513, 416.913 (ALJ need only provide germane reasons for rejecting "other source" opinions of counselors, social workers, therapists and nurse practitioners); *Molina*, 674 F.3d at 1111-12 (inconsistency with the objective evidence is a germane reason for rejecting the assessment). Similarly, the ALJ reasonably evaluated the lay witness statements and provided germane reasons for discrediting the testimony. *See id.* Finally, because the ALJ posed a hypothetical question to the vocational expert that contained all of De Botton's credible limitations, the vocational expert's testimony was substantial evidence for the ALJ's findings. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ need only include credible limitations in the residual functional assessment and in the hypothetical posed to the vocational expert).

**AFFIRMED.**